UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN PIERRE LAFOREST,<br><br>         Plaintiff,<br><br>-against-<br><br>JOHN DOE SECURITY GUARD; JOHN DOE NYPD OFFICERS 1-4; NEW YORK POLICE DEPARTMENT; FAMILY DOLLAR, WEST FARMS LOCATION; THE CITY OF NEW YORK,<br><br>         Defendants. | 25-CV-3719 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. 1983, alleging that Defendants violated his federally protected rights. By order dated June 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    The New York City Police Department ("NYPD")**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.    The City of New York**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.    John Doe police officers**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the four John Doe police officers who arrested Plaintiff outside a Family Dollar Store in the West Farms neighborhood of the Bronx on June 13, 2024. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John

Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[1] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified Defendants to waive service.

**D.     Family Dollar Store**

Plaintiff does not provide a service address for the Family Dollar Store in the West Farms neighborhood of the Bronx. *See Gustaff v. MT Ultimate Healthcare*, No. 06-CV-5496, 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007) ("The Second Circuit has held that *pro se* litigants proceeding [IFP] are entitled to rely on service by the U.S. Marshals Service. However, plaintiff is required to provide the information necessary for the Marshals to effect service."), *report and recommendation adopted*, 2007 WL 2028104 (E.D.N.Y. July 11, 2007)). Within 30 days of the date of this order, Plaintiff must provide to the Court in writing an address where the U.S. Marshals can serve the Family Dollar Store. Upon receipt of that information, the Clerk of Court

---

[1] If any Doe defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service. If a Doe defendant is not a current or former NYPD employee or official, the New York City Law Department must provide a residential address where the individual may be served.

shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the Family Dollar Store.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is further directed to mail a copy of this order and Plaintiff's complaint to the New York City Law Department, 100 Church Street, New York, N.Y. 10007.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[3]

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. An "Amended Complaint" form is attached to this order.

SO ORDERED.

Dated:   June 26, 2025
         New York, New York

                                        _____
                                        EDGARDO RAMOS
                                        United States District Judge

---

[2] At that time, the Court can, under *Valentin*, 121 F.3d at 76, direct the Family Dollar Store to identify the security guard Plaintiff seeks to sue and to provide an address where that individual may be served.

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.