UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN PIERRE LAFOREST,

Plaintiff,

– *against* –

FAMILY DOLLAR STORES, INC., METRO ONE SECURITY SERVICES, INC., JAQUAN MARTIN, CITY OF NEW YORK, *and* NYPD OFFICERS JOHN DOE 1–4,

Defendants.

**ORDER**

25-cv-03719 (ER)

Ramos, D.J.:

Jean Pierre Laforest brought this action against the City of New York, John Doe NYPD Officers 1–4, Metro One Security Services, Inc., Family Dollar Stores, Inc. ("Family Dollar"), and Jaquan Martin, an employee of Family Dollar (collectively, "Defendants")[1] by filing a complaint on April 30, 2025, seeking to recover for physical and emotional trauma arising out of an incident at a Family Dollar store in the Bronx. Doc. 1. On September 29, 2025, Laforest filed an amended complaint. Doc. 25. On November 12, 2025, the Court outlined the procedural history of the case—including a conference scheduled for the same day at which Laforest and Family Dollar failed to appear—and, because of various deficiencies, directed Laforest to file another amended complaint by December 12, 2025. Doc. 33. The Court advised Laforest that "failure to [file an Amended Complaint,] or to otherwise fail to follow Court orders or appear at Court hearings as scheduled, may result in dismissal for failure to prosecute pursuant to Federal

[1] The Court dismissed Plaintiff's claims against the NYPD, named in the original Complaint, on June 26, 2025, and against John Doe, a private security guard employed at Family Dollar, on September 30, 2025.

Rule of Civil Procedure 41(b)." *Id.* at 2. Laforest did not file an amended complaint as directed, and has not communicated with the Court since. For the reasons set forth below, the Court now dismisses Laforest's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Laforest has not communicated with the Court since September 29, 2025, did not appear at the November 12, 2025 conference, nor responded to the Court's November 12, 2025 order. Thus, Laforest has not taken meaningful action to prosecute this case in over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Laforest was given clear notice that failure to respond to Court orders could result in dismissal. The Court specifically warned Laforest that "failure to [file an Amended Complaint,] or to otherwise fail to follow Court orders or appear at Court hearings as scheduled,

may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Doc. 33 at 2.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Laforest has failed to advance his case for the last twelve months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Laforest has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Laforest has ignored a Court order and delayed this case for many months, there are no weaker sanctions that could remedy their failure to prosecute this case. Dismissal is appropriate where, as here, Laforest "appear[] to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Laforest's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 20, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.